UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT J. KEACH, solely in his capacity as the chapter 11 trustee for MONTREAL, MAINE & ATLANTIC RAILWAY, LTD., et al.<br><br>    Plaintiff,<br><br>    v.<br><br>CANADIAN PACIFIC RAILWAY COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    1:16-mc-00180-JDL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON CANADIAN PACIFIC RAILWAY COMPANY'S MOTION TO
WITHDRAW THE REFERENCE

This cases arises from a July 6, 2013, train derailment and explosion in Lac Mégantic, Quebec, as discussed in greater detail in this court's orders in case number 1:16-cv-01001-JDL. Approximately one month after the derailment, the operator of the train, Montreal, Maine & Atlantic Railway ("MMA") filed a chapter 11 bankruptcy proceeding in the U.S. Bankruptcy Court for the District of Maine ("Bankruptcy Court") (Bankr. Case No. 13-10670), and simultaneously sought similar protection in Canada.

In January 2014, Robert Keach, then the chapter 11 trustee and now the estate representative for the post-effective date estate of MMA, filed a complaint in the Bankruptcy Court commencing an action on behalf of MMA's estate against parties that he contended were potentially responsible for the derailment (the "Adversary

Proceeding"). Bankr. Case No. 14-01001. Canadian Pacific Railway Company ("CP") is the only remaining defendant in the Adversary Proceeding.

The derailment also spawned litigation in Illinois and Texas, with multiple plaintiffs asserting claims for negligence and wrongful death against multiple defendants, all of whom settled except for CP. The cases comprising the Illinois and Texas litigation were ordered transferred to the District of Maine pursuant to the authority established in 28 U.S.C. § 157(b)(5)[1] and were later consolidated into one case (the "Derailment Case"). *See* Case No. 1:16-cv-01001-JDL.

In May 2016, Keach filed a Motion to Intervene in the Derailment Case pursuant to Federal Rule of Civil Procedure 24. 1:16-cv-01001-JDL, ECF No. 10. Keach argued, among other things, that the MMA estate had a substantial interest in the Derailment Case because the Bankruptcy Court's order confirming the Trustee's plan of liquidation contained a proportionate judgment reduction provision under which CP's liability for the Lac Mégantic derailment could be reduced by the comparative fault of MMA. *Id.* at 8-9.

In June 2016, CP filed a Motion to Withdraw the Reference of the Adversary Proceeding for cause, pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a). ECF No. 1. CP argues that all six of the factors applied to a "for cause" inquiry support withdrawal: (1) judicial economy; (2) promotion of uniformity of bankruptcy administration; (3) reduction of forum shopping and confusion; (4)

---

[1] For a list of individual case numbers, see 1:16-cv-01001-JDL, ECF No. 1 at 1. The procedural history is discussed in greater detail in this court's order granting Canadian Pacific Railway Company's Amended Motion to Dismiss in case number 1:16-cv-01001-JDL.

conservation of debtor and creditor resources; (5) expedition of the bankruptcy process; and (6) consideration of whether a jury trial has been requested. *Id.* at 3 (citing *Turner v. Boyle,* 425 B.R. 20, 24 (D. Me. 2010)).

On September 28, 2016, I granted CP's Amended Motion to Dismiss the Derailment Case and denied the plaintiffs' Motion for Leave to File a Second Amended Complaint, which resulted in the dismissal of the Derailment Case. 1:16-cv-01001-JDL. I also denied as moot the Motion to Intervene filed by Robert Keach as estate representative for the post-effective date estate of MMA. *Id.*

Because the Derailment Case has been dismissed and the Motion to Intervene denied, the factors listed above now weigh in favor of denying CP's Motion to Withdraw the Reference (ECF No. 1). The Adversary Proceeding is the sole remaining case related to the derailment and explosion in Lac Mégantic, and therefore, there is no longer the risk of overlapping or inconsistent results between the Adversary Proceeding and the Derailment Case. Both judicial economy and uniformity of bankruptcy administration are better promoted by leaving the Adversary Proceeding in the Bankruptcy Court, which has had jurisdiction over the matter since 2014. I perceive no substantial risk of forum shopping or confusion from this course of action. I also conclude that, given the Bankruptcy Court's extensive involvement in presiding over and managing the Adversary Proceeding thus far, it would be more efficient in terms of the parties' resources and the bankruptcy process generally to keep the case in the Bankruptcy Court instead of transferring it to the District Court. Finally, the dismissal of the Derailment Case means that there is no

longer a jury trial-eligible case pending in the District Court, and therefore, this factor no longer weighs in favor of withdrawal of the reference.

For the reasons explained above, CP's Motion to Withdraw the Reference (ECF No. 1) is **DENIED**.

**SO ORDERED.**

**This 28th day of September 2016.**

                                              **JON D. LEVY**
                                       **U.S. DISTRICT JUDGE**